David A. Chami, Esq.
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com
*Attorneys for Plaintiff*,
*Jennifer Stier*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JENNIFER STIER,<br><br>          Plaintiff,<br><br>     v.<br><br>CONTINENTAL FINANCE COMPANY, LLC,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. WIS. STAT. ANN. § 427.101 *et seq.*; and<br>3. WIS. STAT. ANN. § 995.50 *et seq.* (Intrusion Upon Seclusion) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jennifer Stier ("Plaintiff"), by and through her attorneys, alleges the following against Continental Finance Company, LLC ("Defendant"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Wisconsin Consumer Act ("WCA"), WIS. STAT. ANN. § 427.101 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts and WIS. STAT. ANN. § 995.50 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Cochrane, Buffalo County, Wisconsin.

7. Defendant is a financial institution and a debt collector–as that term is defined in WIS. STAT. ANN. § 427.10(3)–with its principal place of business located in Wilmington, Delaware.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around October 2018, in an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on her cellular phone number ending in 0507.

10. Defendant called primarily from (866) 612-1406.

11. Upon information and belief, Defendant is assigned and operates the phone number.

12. Plaintiff's hours were reduced at her place of employment and caused a significant financial hardship.

13. Plaintiff was also caring for her sister's five children from April 2018 to July 2018 resulting in increased expenses for Plaintiff and adding to her financial hardship.

14. On or about October 24, 2018, at 2:09 p.m., Plaintiff received a call on her cell phone from (866) 612-1406.

15. During this call, Plaintiff informed the representative that she did not have any money to make a payment and unequivocally requested not to be contacted on her cell phone any further.

16. Despite Plaintiff's request, Defendant continued to call Plaintiff on her cell phone without consent.

17. Between October 24, 2018 and November 29, 2018, Defendant willfully called Plaintiff on her cellular phone approximately seventy (70) times to annoy and harass Plaintiff and invaded her right to be free from such harassment.

18. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

19. Upon information and belief, Defendant also left pre-recorded or artificial voice messages for Plaintiff, further indicating the use of an automatic telephone dialing system.

20. Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) of this Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a.    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of WIS. STAT. ANN. § 427.101 *et seq.*)

24.    Plaintiff incorporates by reference paragraphs one (1) through twenty (20) of this Complaint as though fully stated herein.

25.    Defendant violated the WCA. Defendant's violations include, but are not limited to, the following:

    a.    Defendant violated WIS. STAT. ANN. § 427.104(g) by "[c]ommunicat[ing] with the customer or a person related to the customer with such frequency or at

such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

26. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the foregoing violations of the WCA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorneys' fees and costs.

## COUNT III

### (Intrusion Upon Seclusion, WIS. STAT. ANN. § 995.50)

28. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) of this Complaint as though fully stated herein.

29. WIS. STAT. ANN. § 995.50(2)(a) defines an invasion of privacy as an "[i]ntrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private…."

30. WIS. STAT. ANN. § 995.50(3) incorporates the common law of privacy, such as the Restatement of the Law, Second, Torts.

31. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages and attorneys' fees.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Jennifer Stier, respectfully requests judgment be entered against Defendant Continental Finance Company, LLC for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

C. Statutory damages of $1,000.00 pursuant to WIS. STAT. ANN. § 425.304;

D. Actual damages pursuant to WIS. STAT. ANN. § 425.304;

E. Costs and reasonable attorneys' fees pursuant to WIS. STAT. ANN. § 425.308;

F. Reasonable attorneys' fees pursuant to WIS. STAT. ANN. § 995.50(1)(c);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 26th day of March 2019.

           **PRICE LAW GROUP, APC**

           By:/s/ *David A. Chami*
           David A. Chami, Esq.
           8245 N 85th Way
           Scottsdale, AZ 85258
           T: (818) 600-5515
           F: (818) 600-5415
           david@pricelawgroup.com
           *Attorneys for Plaintiff Jennifer Stier*